**NOT FOR PUBLICATION**

**FILED**

JUN 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. TELEPACIFIC CORP., AKA TPx Communications, a California corporation,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE COMPANY, a Texas corporation; DOES, 1-10, inclusive,<br><br>Defendants-Appellees. | No. 19-55828<br><br>D.C. No. 2:18-cv-05083-DMG-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted June 1, 2020[**]
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

U.S. TelePacific Corp., doing business as TPx Communications ("TPx"),

purchased a Directors, Officers and Organization Liability Policy ("the Policy")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

from U.S. Specialty Insurance Company ("Specialty"). When two former TPx employees filed wage-and-hour putative class action lawsuits against TPx, the insured tendered the complaints to Specialty for coverage under the Policy. Specialty denied coverage and refused to advance TPx defense costs to litigate the class action lawsuits, which were consolidated into one action ("the underlying lawsuit"). TPx thereafter brought this suit in state court against Specialty, alleging causes of action for: (1) breach of the Policy contract; (2) tortious breach of the implied covenant of good faith and fair dealing; and (3) declaratory relief. Specialty timely removed the case to federal court based on diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

TPx appeals the district court's order granting Specialty's motion for judgment on the pleadings. We review a district court's order granting a motion for judgment on the pleadings de novo. *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020). Accordingly, we must determine whether, "taking all the allegations in the pleadings as true," Specialty was "entitled to judgment as a matter of law." *Id.* (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978–79 (9th Cir. 1999)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in concluding that Specialty's duty to advance defense costs under the Policy extended only to actually covered claims. As the

district court correctly explained, Condition (D)(2) of the Policy provides that Specialty must advance defense costs for claims "for which [the] Policy provides coverage," not for potentially covered claims. Condition (D)(3) adds that Specialty will pay only those amounts properly allocated as "covered matters." Relevant as well is that Condition (D)(3) unambiguously provides that when there is a dispute over whether a claim is actually covered by the Policy, Specialty will advance defense costs only for the portion "which the parties agree is not in dispute." Conditions (D)(2) and (D)(3) are thus impossible to square with TPx's proposed interpretation of the Policy to obligate Specialty to advance defense costs for any potentially covered claim.

The district court also did not err when it concluded certain causes of action in the underlying lawsuit were barred from coverage by Exclusion (L) of the Policy. Exclusion (L) provides that Specialty is not liable to make any payment of loss in connection with a claim for any actual or alleged violation of the Fair Labor Standards Act ("FLSA") "or any other similar provisions of any federal, state or local statutory or common law or any rules and regulations promulgated under any of the foregoing." As the district court explained, because of Exclusion (L), Specialty was not obligated to provide coverage for four causes of action in the underlying lawsuit, which involved alleged violations of California Labor Code provisions that are similar to FLSA provisions and regulations: the failure to pay

3

overtime, minimum wage, and meal and rest break claims. With respect to the failure-to-pay-overtime-wages cause of action in the underlying lawsuit, contrary to TPx's contention, just because there are differences between the California Labor Code and FLSA provisions does not render them dissimilar. *See Rousey v. Jacoway*, 544 U.S. 320, 329 (2005) (explaining that the plain meaning of the word "similar" is "like, though not identical to," or "shar[ing] characteristics"). As to the causes of action for TPx's alleged failure to provide meal and rest breaks, contrary to TPx's arguments on appeal, the district court rightly applied Exclusion (L) to bar coverage for state-law claims similar to FLSA provisions and regulations.[1]

The district court further did not err when it held the Policy's "Loss" definition precluded coverage for TPx's alleged failure to pay in a timely manner wages upon termination. The Policy's Loss definition plainly excepts "penalties" from coverage. As the district court held, the underlying lawsuit's cause of action alleging TPx failed to pay in a timely manner wages upon termination seeks relief under a California Labor Code statute that characterizes available relief as "a penalty." Cal. Lab. Code § 203 (providing that any willfully unpaid wages "shall continue as a penalty from the due date thereof at the same rate until paid or until

[1] TPx does not dispute that the district court properly held Exclusion (L) bars coverage for the underlying lawsuit's minimum-wage cause of action.

4

an action therefor is commenced"). And a plain reading of the Policy's Loss definition reflects that it excepts from coverage both statutory and civil penalties.

TPx contends on appeal that following a recent California Court of Appeal decision, even if the Policy does not obligate Specialty to indemnify TPx for penalties, Specialty is still obliged to pay defense costs for claims seeking penalties. As quoted by TPx, that case—*Southern California Pizza Co. v. Certain Underwriters at Lloyd's, London Subscribing to Policy Number 11EPL-2028* ("*SoCal Pizza*"), 252 Cal. Rptr. 3d 635, 645 (Ct. App. 2019)—held that "whether the [relief sought] are covered losses is neither here nor there." But the very next two sentences of the *SoCal Pizza* opinion explain that it was irrelevant whether the relief sought was covered because: (1) the court there was concerned only with the duty to defend, rather than the duty to indemnify; and (2) the insurer did not dispute defense costs were independently covered losses under the policy whether or not the underlying claim or relief sought was covered. *SoCal Pizza*, 252 Cal. Rptr. 3d at 645. *SoCal Pizza* is thus inapposite.

Finally, the district court did not err when it found that Exclusion (F) bars coverage for all wage-and-hour causes of action in the underlying lawsuit. Exclusion (F) presumptively bars coverage for claims made by employees against TPx, except where a claim is for an actual or alleged "Employment Practices Wrongful Act," which is defined in the Policy as specified causes of action. As the

5

district court explained, Exclusion (F)'s plain language bars coverage for claims made by employees except when the underlying civil action actually asserts an enumerated cause of action that constitutes an Employment Practices Wrongful Act under the Policy. TPx cannot dispute that the underlying lawsuit alleges no such cause of action.

**AFFIRMED**.